JULIEN J. STUDLEY, INC., Respondent-Appellant, v. DEZSO GOLDNER, Appellant-Respondent

Concur — Capozzoli, Tilzer, McNally and McGivern, JJ; Eager, J. P., dissents in the following memorandum: I would modify the order appealed from to deny plaintiff's motion for summary judgment. The affidavits and proofs show triable issues. The plaintiff's complaint alleges that the " defendant employed plaintiff as a real estate broker

to obtain a purchaser for the premises and agreed that if plaintiff was successful in procuring a purchaser, defendant would pay plaintiff a commission pursuant to the rates of the Real Estate Board of New York, Inc." The defendant denies this allegation. The defendant in his affidavit denies that he retained the plaintiff as a broker and denies that he had any agreement with the plaintiff concerning the payment of commissions. It appears from the defendant's affidavit that the defendant had employed a third party, Helmsley-Spear, Inc., as the broker to sell the property at a specified rate of commission and that the plaintiff was so informed. The affidavits of the defendant and of a salesman employed by Helmsley-Spear tend to establish that the plaintiff understood that Helmsley-Spear was the broker in connection with any sale, and that the plaintiff should look to Helmsley-Spear for its commissions. It is true that the plaintiff's salesman denies that he ever received the information concerning the property from Helmsley-Spear or that he talked with Helmsley-Spear concerning the sale; also, that the salesman further alleges that the defendant at all times knew that he (the salesman) represented the plaintiff directly and was dealt with accordingly. These denials and allegations, however, merely point up the issues of fact. There is in the record an extract from the examination before trial of the defendant referring to a provision in the contract of sale stating that the plaintiff was the broker. The contract of sale itself, however, is not contained in the record, and the defendant's testimony with respect thereto was merely that the contract provided "that as far as [the purchasers] are concerned" the plaintiff was the broker. This testimony of the defendant is not inconsistent with his position that the plaintiff understood that Helmsley-Spear was the broker.